NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES H. TAKECHI, | ) | No. C 10-3777 LHK (PR) |
| | ) | |
|         Petitioner, | ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
|   vs. | ) | |
| | ) | (Docket Nos. 5, 6) |
| WARDEN DERRAL G. LEWIS, | ) | |
| | ) | |
|         Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary hearing and resulting sentence. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to state a cognizable habeas claim. Petitioner has filed an opposition, and Respondent has filed a reply. For the reasons below, the Court DENIES Respondent's motion to dismiss.

**BACKGROUND**

On September 9, 2008, Petitioner was found guilty at a disciplinary hearing of disobeying a direct order. (Petition at 6.) As a result, Petitioner lost 30-days of good time credits. (*Id.* at 6a.) Petitioner claims that there was insufficient evidence to find him guilty of the rule violation. He has filed unsuccessful state habeas petitions in California superior,

appellate, and supreme courts. Petitioner filed the instant federal petition on August 25, 2010. He alleged that there was not "some evidence" to support a finding of guilt. He requested that his rules violation be expunged from his record.

## DISCUSSION

Respondent argues that habeas jurisdiction is absent because Petitioner's claim does not affect the duration of his confinement. (MTD at 2.) Because Petitioner was sentenced to an indeterminate life sentence as a habitual offender under the Three Strikes Law, he does not accrue credits. (MTD at 2-3.) *People v. Stofle*, 45 Cal. App. 4th 417, 421 (1996). Thus, asserts Respondent, Petitioner's claim, if successful, would not shorten his sentence because the prison did not actually assess a thirty-day credit loss. (MTD at 2-3.) In response, Petitioner concedes that, in fact, the thirty-day credit loss was not enforced because he was not eligible for credits due to his sentence. (Opp. at 2-3.) However, he argues that even though he does not have a cognizable liberty interest under Section 2254, he is entitled to raise a due process claim that there was no evidence to support his disciplinary conviction, and cites to *Burnsworth v. Gunderson*, 179 F.3d 771 (9th Cir. 1999). (Opp. at 3.) Respondent points out the *Burnsworth* was a Section 1983 civil rights action, and not a habeas case. (Reply at 1-2.)

As an initial matter, even assuming that Petitioner has not alleged a protected liberty interest under section 2254, he has raised a cognizable due process claim that there was no evidence to support his disciplinary conviction. *See Burnsworth*, 179 F.3d at 775 ("in prison disciplinary hearings - "the minimum requirements of procedural due process" require that "the findings of the prison disciplinary board [be] supported by some evidence in the record.").

The next question is whether this action should be brought in a habeas petition or civil rights action. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quotation marks and citation omitted). "An inmate's challenge to the circumstances of his confinement, however, may be brought under

§ 1983." *Id.* Traditionally, challenges to prison conditions have been cognizable only via a section 1983 civil rights action, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. *Id.* at 1031; *see also id.* at 1027 n.2. The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to accelerate" eligibility for parole, even though success in such cases would not necessarily implicate the fact or duration of confinement. *Id.* at 1028 (citing *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989), and *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003)). "Thus, although Supreme Court case law makes clear that § 1983 is not available where a prisoner's claim "necessarily" implicates the validity or duration of confinement, it does not set out any mirror-image limitation on habeas jurisdiction." *Docken*, 393 F.3d at 1028; *but see Ramirez*, 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic*, 884 F.2d at 1269 (citing *McCollum v. Miller*, 695 F.2d 1044, 1047 (7th Cir. 1982)).

Expungement of a disciplinary finding is "likely" to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within the 'core' challenges identified [in *Preiser*]." *Docken*, 393 F.3d at 1031. An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical confinement itself" and seeks "immediate release or speedier release from that confinement." *Preiser*, 411 U.S. at 487-88, 498. The Ninth Circuit has concluded that, "The likelihood of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus." *Docken*, 393 F.3d at 1028 (quoting *Ramirez*, 334 F.3d at 858).

1    In California, a prisoner that "will pose an unreasonable risk of danger to society if
2 released from prison" is not suitable for release from prison, regardless of the amount of time
3 served. Cal. Code Regs. tit. 15, § 2402(a). In considering suitability, the Board is required to
4 consider "all relevant, reliable information available," including "behavior before, during, and
5 after the crime." *Id.*, § 2402(b). The circumstances tending to show unsuitability include
6 whether "[t]he prisoner has engaged in serious misconduct in prison or jail." *Id.*, § 2402(c)(6).
7 Likewise, institutional behavior is given additional consideration among the circumstances
8 tending to show suitability for parole because "[i]nstitutional activities indicate an enhanced
9 ability to function within the law upon release." *Id.*, § 2402(d)(9). The unsuitability and
10 suitability factors are "set forth as general guidelines" to be considered by the parole board. *Id.*,
11 § 2402(c), (d). The presence of a prison disciplinary conviction can therefore diminish the
12 chance that an inmate will be granted a parole date. This Court has reviewed numerous
13 transcripts from parole hearings at which California prison inmates have been denied parole due,
14 at least in part, to the presence of one or more prison disciplinary convictions, and where inmates
15 have been advised by Board panels to become or remain disciplinary free pending their next
16 parole hearing.

17    Petitioner's disciplinary violation is the type of relevant information that section 2402(b)
18 requires parole boards to consider because it reflects on petitioner's behavior "after the crime," it
19 is serious misconduct in prison or jail," and it is a possible indicator that petitioner is unable or
20 unwilling to comply with society's rules. *Id.* Expungement of Petitioner's prison disciplinary
21 violation, if warranted, could affect the duration of his confinement by making it more likely that
22 he would be granted parole. *See, e.g.*, *Martin v. Tilton*, No. 08-55392, 2011 WL 1624989, at *1
23 (9th Cir. April 29, 2011) (unpublished memorandum disposition) ("Even though Martin did not
24 forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because
25 the Board of Parole will consider the charge when it evaluates Martin's eligibility for parole.");
26 *Cleveland v. Curry*, No. 10-0592 CRB, 2010 WL 4595186, at *2 (N.D. Cal. Nov. 5, 2010) (claim
27 seeking expungement of serious disciplinary violation cognizable on habeas review, even though
28 thirty-day credit loss had no effect on sentence, because expungement was likely to accelerate

prisoner's eligibility for parole); *Murphy v. Department of Corrections and Rehabilitation*, No. C 06-4956 MHP, 2008 WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action seeking expungement of serious disciplinary conviction cognizable on habeas review because expungement could affect the duration of the petitioner's confinement by making it more likely that he would be granted parole); *Dutra v. Department of Corrections and Rehabilitation*, No. C 06-0323 MHP, 2007 WL 3306638, at *6 (N.D. Cal. Nov. 6, 2007) (claim seeking expungement of disciplinary conviction cognizable on habeas review because "convictions secured for disciplinary violations in such a proceeding may be a factor in an inmate's parole consideration hearing").

On the other hand, there is no evidence before the court that Petitioner has ever been denied a parole date on the basis of his prison disciplinary record. In that sense, whether or not the presence of this disciplinary conviction would affect his parole eligibility is somewhat speculative. As noted by Respondent, the decision to grant or deny parole is based on a myriad of considerations. *See, e.g.*, *Sandin*, 515 U.S. at 487 (discussing whether a protected liberty interest was asserted, and stating, "The chance that a finding of misconduct will alter the balance [or a parole suitability decision] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause"); *Ramirez*, 334 F.3d at 859 (successful challenge to a prison disciplinary proceeding will not necessarily shorten the length of confinement because the Board could deny parole for other reasons); *Norman v. Salazar*, No. CV 08-8532-AHM (JEM), 2010 WL 2197541, at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition"); *Santibanez v. Marshall*, No. CV 07-00612-GEF (MAN), 2009 WL 1873044 (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have only speculative impact on the petitioner's consideration for parole in the future, the petitioner had other prison disciplinary convictions on his record as well, and he did not explicitly raise any concern that the information may have an effect on his consideration for parole in the future).

In this case, although expungement of Petitioner's disciplinary conviction would not "necessarily shorten [his] sentence," *Ramirez*, 334 F.3d at 859, it is "likely" to accelerate his

1  eligibility for parole, *Bostic*, 884 F.2d at 1269, and/or "could potentially affect the duration of his
2  confinement." *Docken*, 393 F.3d at 1031.[1] After a careful review of the cases cited above, the
3  Court concludes that Petitioner has stated a claim cognizable on habeas corpus. Expungement of
4  a disciplinary conviction from an inmate's record is likely to accelerate his eligibility for parole
5  and could potentially affect the duration of his confinement. Accordingly, Respondent's motion
6  to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

Respondent's motion to dismiss is DENIED. Petitioner's motion to order Respondent to expunge the rules violation report is DENIED without prejudice.

Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all

---

[1] While there appears to be some conflict between *Ramirez* and *Docken*, *Ramirez*'s suggestion that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence," was dicta. *See Ramirez*, 334 F.3d at 859. *Ramirez* involved a section 1983 case, and held "that the favorable termination rule [did] not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." *Id.* at 858. The court in *Ramirez* then went on to address the availability of habeas jurisdiction in light of this holding. *Id.* This appears to have been based on the assumption that jurisdiction under sections 1983 and 2254 are mutually exclusive. As discussed in *Docken*, this assumption was not well-founded. *Docken*, 393 F.3d at 1030-31 ("In the only instance where the Supreme Court addressed whether habeas and § 1983 are necessarily mutually exclusive, the suggestion was that they are not."). As a result, this court follows the analysis in *Docken*, which reaffirmed *Bostic*'s holding. *See Docken*, 393 F.3d at 1029-31.

1  communications with the Court must be served on Respondent by mailing a true copy of the
2  document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of
3  any change of address by filing a separate paper captioned "Notice of Change of Address."  He
4  must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
5  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
6  41(b).  The Clerk is directed to terminate the docket numbers 5 and 6.

7       IT IS SO ORDERED.

8  DATED:  5/24/11

                                    _____
                                    LUCY H. KOH
                                    United States District Judge